UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SIOUX FALLS HOUSEHOLD HAZARDOUS WASTE FACILITY,<br><br>　　　　　　　　　Defendant. | 4:25-CV-04108-RAL<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Charles Ray Johnson filed a pro se lawsuit alleging employment discrimination. Doc. 1. Johnson also filed a motion for leave to proceed in forma pauperis. Doc. 2.

**I.　Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II. 1915 Screening

### A. Factual Background

Johnson alleges that he "was discriminated against based on [his] race" when he "accepted placement for a position that was later rescinded and given to someone outside [his] protected class." Doc. 8. Johnson was employed as "an at-will temporary associate" of PeopleReady, Inc. (PeopleReady). Doc. 6 at 2. Through PeopleReady, temporary workers like Johnson are able to learn of potential job opportunities through PeopleReady's smartphone application, JobStack, and can become "eligible for dispatch to customers' worksites for temporary work assignments." Id. The normal procedure for accepting a temporary work assignment is as follows:

> [W]hen an employee accepts a job through JobStack, they are given the location of the job site, when and where to report, and if they need Personal Protective Equiment (PPE). When a customer requests a specific employee through JobStack, the employee has five hours to accept the job in the app. If they do not accept the job in time, then JobStack automatically publishes the work opportunity for other users to accept.

Id.

Sioux Falls Household Hazardous Waste Facility (SFHHWF)[1], a PeopleReady customer, hired a temporary associate in May of 2022 (William Diego) to work solely at SFHHWF. Id. On August 26, 2022, Diego "forgot to accept his [SFHHWF] assignment in JobStack within the 5 hours allotted," resulting in JobStack automatically publishing the assignment for other users to accept. Id. Johnson accepted the assignment and arrived at SFHHWF, but because Diego had already arrived at the job site, Johnson was informed that he was not needed. Id. PeopleReady asserted that "the only reason [Johnson] received the notification of the [SFHHWF] job was the

---

[1] In his complaint, Johnson identified "Viola [sic] Waste Management" as a defendant, but Johnson has notified this Court that Sioux Falls Household Hazardous Waste Facility is the defendant's correct name. Doc. 11.

2

result of an error concerning the dispatch process." Id. After learning that Johnson was not needed at the SFHHWF site, PeopleReady assigned "at least two jobs" to Johnson, "which he didn't show up for[.]" Id. Johnson seeks $33 million in damages "as the violations are continuous and ongoing[]" and injunctive relief in the form of "screening of new policies that prevent further Discrimination/Retaliation." Doc. 1 at 3.

When Johnson filed this action, he also named PeopleReady as a defendant. Id. at 1, 5. Johnson subsequently reached an agreement with PeopleReady, and his claims against PeopleReady were dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(A)(i). Doc. 14.

**B.    Legal Standard**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights

complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

C.  **Legal Analysis**

1.  **Exhaustion of Administrative Remedies**

Johnson alleges violations of his rights under Title VII of the Civil Rights Act of 1964. Doc. 8. This Court can only consider employment discrimination claims once they have been exhausted through the Equal Employment Opportunity Commission (EEOC). Weatherly v. Ford Motor Co., 994 F.3d 940, 944 (8th Cir. 2021). The EEOC must be offered the "initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005).

"[T]he Eighth Circuit has held that a party must file a charge of discrimination with the [EEOC] and receive a right-to-sue letter before initiating Title VII and ADA claims in federal court." Jima v. Smithfield Package Meat Corp., 4:23-CV-04145-RAL, 2024 WL 1435492, at *5 (D.S.D. Apr. 3, 2024) (citing Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000); Moses v. Dassault Falcon Jet-Wilmington Corp., 894 F.3d 911, 919 (8th Cir. 2018)); see also Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) ("The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [his] employment-discrimination claim[.]"). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." Rush v. Ark. DWS, 876 F.3d 1123, 1125 (8th Cir. 2017) (per curiam) (citation omitted). "Once an individual receives notice of the right to sue, [he] has 90 days in which to file suit." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citation omitted).

Here, Johnson has attached a copy of his charge of discrimination. Doc. 8. In that charge, he indicates discrimination based on his race. Id. Additionally, he attached a copy of his right-to-sue letter from the EEOC, dated March 21, 2025, informing Johnson that he must file a lawsuit within 90 days of his receipt of the notice. Doc. 1–1. Although it is not clear when Johnson received this notice, he filed suit on June 20, 2025, which was 90 days after the notice was sent. Id.; Doc. 1. Therefore, Johnson has fulfilled the procedural requirements for exhaustion of administrative remedies.

### 2. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" While a complaint "does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citation omitted).

The Supreme Court of the United States has held that a plaintiff establishes a prima facie case of racial discrimination by showing: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

However, the Supreme Court later clarified that "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 510 (2002). In employment discrimination claims, therefore, "a plaintiff need not plead facts establishing a prima facie case for their Title VII claim." Warmington v. Bd. of Regents of Univ. of Minn., 998 F.3d 789, 796 (8th Cir. 2021). However, "[t]he allegations in a complaint must give *plausible support* to the reduced prima facie requirements that arise under McDonnell Douglas[.]" Id. (internal quotations omitted) (citing Wilson v. Ark. Dep't of Hum. Serv., 850 F.3d 368, 372 (8th Cir. 2017)). "In summary, the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016) (internal quotation omitted).

Using the prima facie case as a prism, Johnson does not provide any facts establishing the second, third, or fourth prongs of prima facie requirements that arise under McDonnell Douglas. Doc. 1; Doc. 8; Doc. 6 at 2–4. Johnson provides no specific facts to show that despite his qualifications, SFHHWF rejected him. See generally id. Instead, Johnson's supplement provides that SFHHWF was not seeking applicants (as they had retained Diego to work solely at SFHHWF), and that the message Johnson received through JobStack was sent in error. Doc. 6 at 2. Johnson's complaint and supplements lack any facts establishing a connection between SFHHWF's conduct and his race. Docs. 1, 6, and 8. Instead, Johnson's complaint focuses on the actions of PeopleReady, which is no longer a party to this case. Doc. 14. Therefore, Johnson's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     Conclusion

Accordingly, it is

ORDERED that Johnson's motion to proceed in forma pauperis (Doc. 2) is granted. It is further

ORDERED that Johnson's complaint (Doc. 1) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED August 25, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE